IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN MORRIS | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-0389 |
| | ) | |
| v. | ) | Judge Sharp |
| | ) | |
| GENSPRING FAMILY OFFICES, LLC, et al. | ) | Magistrate Judge Bryant |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff John Morris ("Plaintiff") and Defendants GenSpring Family Offices, LLC ("GenSpring") and SunTrust Banks, Inc. ("SunTrust"), anticipate that they will make available in discovery certain information and documents of a confidential and/or proprietary nature, and the Parties wish to protect the confidential and/or proprietary nature of such information and documents;

WHEREAS, it is in the interest of the Parties for reasonable discovery to proceed without the delay that may be occasioned by possible disputes regarding the confidential and/or proprietary nature of the requested information and documents; and

WHEREAS, it appearing to the Court as evidenced by the signatures of counsel that the Parties have agreed, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to jointly stipulate to the following protective order,

IT IS THEREFORE, ORDERED that the following principles and procedures designed to assure the protection of confidential and/or proprietary documents and information shall govern any and all discovery in this litigation:

1.      Definitions.

(a) <u>Confidential</u> - Information that falls within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets or information of a competitively sensitive nature; (iii) research, technical, commercial, proprietary, or financial information that the Party has maintained as confidential; (iv) personal and confidential information relating to current and former employees and/or clients of Defendants; (v) privacy interests or personal identity information; (vi) business or personal information which is not strictly confidential but which is generally known only by a select group of persons or businesses; (vii) computer data, computer forensic information, and personal electronic information which, because of the volume of data, cannot be efficiently reviewed on a document-by-document basis; (viii) non-public information which is not likely relevant to any claim or defense at issue in this case, but is nevertheless being produced in order to avoid a discovery dispute; (ix) personal and confidential information relating to Plaintiff and/or any member of his family including, but not limited to, medical, financial or employment information; or (x) other categories of information on which counsel agree, in writing, to designate "Confidential" to facilitate discovery and avoid disputes. Information or documents that are available to the public may not be designated as Confidential information.

(b) <u>Document(s)</u> - Any writing, recording, or photograph as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and all electronic or graphic matter.

(c) <u>Highly Confidential/Attorneys Eyes Only</u> – Non-public information of a competitively or commercially sensitive, proprietary, financial, or trade secret nature or that involves or implicates the privacy interests of (i) Plaintiff and/or any member of his family, (ii) Defendants, or (iii) persons who are not a party to this litigation and disclosure of such information to the other Party may be unduly detrimental to the disclosing party or a third party's interests.

2

(d)     Parties – Plaintiff, Defendants and any third party who is bound by this Order.

2.     Scope of Order - Documents and Information Covered. This Order shall cover all documents, materials and information produced by the Parties to this litigation, as well as, any initial disclosures, responses to discovery requests, deposition testimony and exhibits or portions thereof (collectively "Discovery Materials") that are designated by the Parties as "Confidential" or "Highly Confidential/Attorneys Eyes Only." Additionally, this Order covers any information copied or extracted from the Discovery Material and all copies, excerpts, summaries, or compilations of the Discovery Material. However, the protections conferred by this Order do not cover any information that is in the public domain at the time of disclosure or becomes part of the public domain as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

3.     Manner of Designation. All or any portion of the Discovery Material may be designated by any Party as "Confidential" or "Highly Confidential/Attorney Eyes Only," if such Party believes in good faith, upon reasonable inquiry, that the information qualifies as such. Designation of Discovery Material as "Confidential" or "Highly Confidential/Attorney Eyes Only" shall be made by affixing to each such Discovery Material one of the following legends: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY."

(a)     This legend shall be affixed to each page of any document designated as "Confidential" or "Highly Confidential/Attorney Eyes Only," but shall not interfere with the legibility of the document. A designation shall subject the document, and its contents, to this Order without any further action.

(b)     A Party may designate electronic native format files as "Confidential" or "Highly Confidential/Attorney Eyes Only" as appropriate, by noting such designation in an accompanying cover letter and on the CD or other media device on which such files are

3

produced, without need to include additional designations within each electronic native format file.

(c)     With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" or "Highly Confidential" information shall be so marked.

(d)     A Party may designate any or all of the testimony of a person giving deposition or hearing testimony in this litigation proceeding as "Confidential" or "Highly Confidential/Attorney Eyes Only" on the record while the deposition or hearing is being taken, through counsel. If deposition testimony is designated as "Highly Confidential/Attorney Eyes Only," any individuals other than the testifying party, the Parties' Counsel, and the court reporters, shall be excluded from the deposition for the time period during which testimony is so designated. Additionally, a Party may designate all, or any portion of, the transcript of any deposition (or any other testimony) as containing "Confidential" or "Highly Confidential/Attorney Eyes Only" information by notifying the opposing Party in writing, within fourteen (14) business days of receipt of the final transcript (receipt of rough draft will not count towards the 14 business days). All transcripts or recordings of depositions shall be treated as "Confidential" for fourteen (14) business days after receipt of the transcript or recording, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first.

4.     <u>Disputes Concerning Propriety of "Confidential" "Highly Confidential/Attorney Eyes Only" Designation</u>. The designation of any Discovery Material as "Confidential" or "Highly Confidential/Attorney Eyes Only" is subject to challenge by any Party. The following procedure shall apply to any challenge:

4

(a)    Meet and Confer. A Party challenging the designation of Confidential or Highly Confidential/Attorney Eyes Only Discovery Material must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designating material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

(b)    Judicial Intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Materials as "Confidential" or "Highly Confidential/Attorney Eyes Only" under the terms of this Order.

By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document, testimony, or information. If a party challenges the designation of any document, information, or testimony, the party making the designation shall bear the burden of proving that the challenged document, information, or testimony is in fact "Confidential" or "Highly Confidential/Attorney Eyes Only" and that the designation is narrowly tailored to insure that only confidential information is so designated.

5.    Persons To Whom "Confidential" Material May Be Disclosed. "Confidential" Discovery Material may be disclosed, as necessary, to:

(a)    the Court and Court personnel, appellate courts, appellate court personnel performing judicial functions related to this case;

5

(b)    court reporters, mediators, or videographers recording or transcribing testimony or argument in this action and the employees of such persons;

(c)    attorneys of record for a Party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, without limitation, contract attorneys and contract paralegals working under the direction of attorneys of record, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement. However, any such individuals to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order;

(d)    in-house counsel for a Party;

(e)    the Parties, and Party's employees, officers, agents and representatives whose review of the information is reasonably necessary to assist in the litigation;

(f)    an expert or consultant who is retained for this litigation by a Party, and to employees or support staff of such consultants or experts who have direct functional responsibility for assisting the consultant or expert as part of his/her employment in connection with this litigation. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree in writing to be bound by the terms of this Order. Counsel that disclosed such "Confidential" material shall retain the signed writing;

(g)    any person who is identified as having prepared, received, reviewed or been provided access to the "Confidential" material prior to its production in the litigation;

(h)    any person who has been noticed for deposition or as a witness in connection with a hearing or trial, but only if the witness agrees in writing to be bound by the terms of this Order. Disclosure of "Confidential" material may only occur for the purpose of conducting the deposition or examination of the person, or assisting in the preparation of such person for deposition or examination and only if counsel has a good faith belief that the witness has relevant

6

information regarding the "Confidential" Discovery Material. Counsel that disclosed the "Confidential" material shall retain the signed writing; and

(i) other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

6. <u>Persons To Whom "Highly Confidential/Attorneys Eyes Only" Material May Be Disclosed</u>. "Highly Confidential/Attorney Eyes Only" Discovery Material may be disclosed, as necessary, to:

(a) the Court and Court personnel, appellate courts, appellate court personnel performing judicial functions related to this case;

(b) court reporters, mediators, or videographers recording or transcribing testimony or argument in this action and the employees of such persons;

(c) attorneys of record for a Party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, without limitation, contract attorneys and contract paralegals working under the direction of attorneys of record, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement. However, any such individuals to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order;

(d) in-house counsel for a Party;

(e) any person who is identified as having prepared, received, reviewed or been provided access to the "Highly Confidential/Attorney Eyes Only" material prior to its production in the litigation; and

(f) other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.    No Use Permitted For Business or Competitive Purposes. Use or disclosure of documents or information designated as "Confidential" or "Highly Confidential/Attorneys Eyes Only" under this Order by the Parties, counsel, or any person to whom such documents or information have been disclosed to under Paragraphs 5 and 6 is prohibited in (a) any litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this litigation and any appeal therein.

8.    Custodian of Discovery Material. The signatories to this Order shall be deemed Custodians of any "Confidential" or "Highly Confidential/Attorneys Eyes Only" material that they, their law firms, or any experts or consultants engaged by them or their law firms in this litigation may receive. Each of the Custodians agrees to be responsible for compliance with this Order. Any perceived violation of this Order must first be brought to the attention of the appropriate Custodians who will take such steps as are reasonably practical and expedient to obtain compliance with this Order.

9.    Copies of Discovery Material. Counsel for the parties agrees to limit their copying of "Confidential" and/or "Highly Confidential/Attorneys Eyes Only" material to that which is necessary for the orderly and efficient prosecution/defense of this litigation. Experts and consultants (as identified in paragraph 5) shall limit their copying to that which is necessary for assisting the Parties' counsel in the prosecution/defense of this litigation. Copies of "Confidential" material, and the documents prepared by an expert or consultant that incorporate or reveal confidential information from "Confidential" material, shall be subject to the same treatment hereunder as are the original documents or information produced.

10.    Notification Upon Improper Disclosure. If any information or documents designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" material (or their

8

content(s)) are disclosed, through inadvertence or otherwise, to any person or Party not entitled to receive the information, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name and address of the person to whom the disclosure was made. Such unauthorized person shall automatically be bound by this Order and shall be informed promptly of all the provisions of this Order by the disclosing Party. The disclosing Party shall use its best efforts to prevent disclosure by each unauthorized person who receives such information and to retrieve and return such Discovery Material.

If both Parties agree that a disclosure of "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material was inadvertent, and the disclosing Party has complied in full with this paragraph, the producing Party will not seek sanctions associated with the disclosure. If the disclosing Party claims that the disclosure of "Confidential" or "Highly confidential/Attorney Eyes Only" Discovery Material was inadvertent, and the producing Party disagrees, the producing Party agrees to meet and confer with the disclosing Party before seeking sanctions associated with the disclosure.

11. <u>Inadvertent Failure to Designate</u>. In the event that Confidential or Highly Confidential/Attorney Eyes Only Discovery Material is produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," the Party in receipt of that material shall, upon a written request from the producing Party, treat or preserve such Discovery Material in accordance with the confidentiality designation that the producing Party states should have been affixed to it. The producing Party must then, within fourteen (14) business days of learning of the inadvertent failure to designate, re-produce the Discovery Material with the appropriate confidentiality designation. The

Case 3:13-cv-00389   Document 13   Filed 08/16/13   Page 9 of 12 PageID #: 94

inadvertent failure of a Party to designate Discovery Material as "Confidential" or "Highly Confidential/Attorney Eyes Only" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the Discovery Material or as to any other information relating thereto or on the same or related subject matter.

12.     Disposition of Discovery Materials Upon Final Determination Of This Action. Within sixty (60) days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a letter, certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any "Confidential" or "Highly Confidential/Attorney Eyes Only" materials covered by this Order, and that all such files have been purged of all such materials. Upon delivery of such letters and accompanying documents or information by all parties to this action, the jurisdiction of the Court to enforce this Order shall terminate.

13.     No Restriction On Designating Party's Use of Discovery Materials. Notwithstanding any other provision of this Order, the party producing to another party material designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

14.     No Restriction On Asserting Privileges. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information. When a Party gives notice to the other that certain inadvertently produced material is subject to a claim of privilege, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

15.     Designation of Discovery Material at Trial. Nothing contained in this Order shall be construed to prejudice any Party's right to use in any motion or at any hearing or trial before

the Court any "Confidential" or "Highly Confidential/Attorney Eyes Only" Discovery Material. Where feasible, the Parties should provide the Clerk's office with redacted versions of filings so that those portions of the filings which do not contain Confidential or Highly Confidential Confidential/Attorney Eyes Only Discovery Material may remain available to the public. Otherwise, the Party wishing to present Confidential or Highly Confidential/Attorney Eyes Only Discovery Material in any motion or at any hearing or trial shall either file a motion to seal with the Court or send a request to the designating Party to file and disclose the Confidential or Highly Confidential/Attorney Eyes Only Discovery Material not under seal. If the designating party does not respond within fourteen (14) business days of a Party's request to file such Discovery Material not under seal, the Party may disclose the Confidential or Highly Confidential/Attorney Eyes Only information and not under seal. If the designating party objects within fourteen (14) business days to the disclosure of its Confidential and Highly Confidential information not under seal in any motion or at any hearing or trial, no such designated information may be disclosed without filing a motion to seal unless and until either the Parties agree otherwise, or the receiving Party moves the Court and the Court rules otherwise. The Court may make such orders as are necessary to govern the use of such Discovery Material in a motion, at trial or hearing.

16. <u>Willful Violation</u>. Any willful violation of the terms of this Order may, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: __August 16, 2013__

11

**ORDERED:**

Judge _____ John Bryant, USMJ

**AGREED:**

s/ John R. Jacobson
John R. Jacobson (Tenn. BPR #14365)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 (Fax)

*Attorney for Plaintiff*

s/ Alonda W. McCutcheon
Alonda W. McCutcheon (BPR# 022350)
L. Lymari Cromwell (BPR# 27405)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

*Attorneys for Defendants*

12009994.1

12